IN THE UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF OHIO

EASTERN DIVISON

| | |
|---|---|
| JENNIFER ZUPP, | CASE NO.5:18-CV-01061 |
| Plaintiff, | |
| v. | MAGISTRATE JUDGE WILLIAM H. BAUGHMAN, JR. |
| COMMISSIONER OF THE SOCIAL SECURITY ADMINISTRATION, | MEMORANDUM OPINION AND ORDER |
| Defendant. | |

Before me[1] is an action by Jennifer Zupp seeking judicial review of the decision of the Commissioner of Social Security that denied Zupp's application for disability and supplemental security income benefits.[2] The matter has been briefed,[3] the transcript has been filed[4] and the parties have participated in a telephonic oral argument.[5] For the reasons that follow, the matter will be remanded for further proceedings.

Zupp is a younger person with a GED who suffered a gunshot wound to the leg in 2014 and last worked as a dog walker.[6] The ALJ found that Zupp had severe impairments

---

[1]ECF No. 12. The parties consented to my exercise of jurisdiction.
[2]ECF No. 1.
[3]ECF Nos. 13, 16.
[4]ECF No. 9.
[5]ECF No. 18.
[6]Tr. at 14, 19.

as to the gunshot wound to the right leg, posttraumatic stress disorder, anxiety, and depression.[7] The ALJ determined that Zupp had the residual functional capacity for sedentary work with some restrictions.[8]

The record shows that two state agency consultants in 2015 opined that Zupp's impairments would not last the necessary twelve months to establish disability.[9] The ALJ gave these opinions little weight because neither reviewer considered the updated medical file that shows Zupp's impairments lasted longer than 12 months.[10]

The ALJ also gave little weight to the functional opinion of Tracy Noling, a CNP, who opined in 2017 that Zupp could sit for less than two hours per work day, would need to elevate her leg 25 percent of the workday and would be off task 25 percent of the workday.[11] Similarly, the ALJ gave little weight to a 2017 functional opinion from Dr. Lamberto Galang, Sr., M.D., who agreed with the opinion of nurse Noling.[12]

In a brief statement of reasons, the ALJ stated that these opinions of treating sources were not entitled to controlling weight because they "overstated the claimant's limitations as shown in the medical records."[13] The ALJ also stated that the specific limitations in these opinions "lacked physical examination findings an mental status examination findings [to] corroborate these limitations."[14]

---

[7]*Id*. at 14.
[8]*Id*. at 15-16.
[9]*Id.* at 18.
[10]*Id*.
[11]*Id*. at 18-19.
[12]*Id*. at 19.
[13]*Id*.
[14]*Id*.

The sole issue here is whether those brief comments by the ALJ are good reasons for giving little weight to some fairly detailed functional limitations from treating sources.

The Commissioner argues that although not directly referenced in this statement of good reasons, the medical evidence shows that Zupp had responded well to treatment and was doing well physically.[15] However, the evidence cited here by the Commissioner dates back to 2015 and 2016. And the ALJ herself cited to medical evidence from 2017 that Zupp had diminished leg strength, diminished reflexes, tenderness in the right knee, crepitus, swelling and complaints of pain "as high as eight out of ten while sitting."[16]

Given those findings - which, as noted, are reported by the ALJ in her opinion - it is somewhat amazing that three paragraphs later in the same opinion the ALJ could state that the treating sources who recorded those limiting symptoms were lacking physical examination findings to support their functional opinions.

Plainly, a great deal rests on whether Zupp's reports of a high level of pain are to be credited. Indeed, the ALJ herself noted that a gunshot wound in the right lower leg resulting in fractures to the fibula and tibia that were fixed by surgery could reasonably be expected to produce debilitating symptoms.[17] And the ALJ also noted that Zupp experienced painful complications from restorative surgery from the beginning. In 2015 Zupp had "poor healing" of the fibula, with increased pain.[18] In May 2016, she began treatment at Mercy

---

[15] ECF No. 16 at 7-8.
[16] *Id*. at 18.
[17] *Id*. at 16.
[18] *Id*. at 17.

Primary Care in Canton with "complaints of pain in her right leg."[19] In September 2016 medical treatment notes cited by the ALJ show that Zupp "reported continued pain in the right lower extremity."[20] An examination only four months later in January 2017 - already noted above - recorded that "pain was as high as eight out of ten while sitting."[21]

Based on the record as developed by the ALJ, I find that she did not give good reasons for downgrading the functional opinions of the treating sources. Thus, substantial evidence does not support the finding of no disability.

The matter is hereby remanded for further opinions consistent with this opinion.

IT IS SO ORDERED.

Dated: September 24, 2019                                s/William H. Baughman Jr.
                                                         United States Magistrate Judge

---

[19]*Id*. at 17-18.
[20]*Id*. at 18.
[21]*Id*.